## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOURTHERN DISTRICT OF NEW YORK

AUGUST IMAGE, LLC,

       Plaintiff,

v.

RUNWAYRIOT, LLC,

       Defendant.

Case No.: 1:23-CV-04181

### DEFENDANT RUNWAYRIOT, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF AUGUST IMAGE, LLC'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

*/s/ Elizabeth Vulaj*

Elizabeth Vulaj, Esq.
*Business & Legal Affairs & Counsel for Defendant*
RunwayRiot, LLC
1261 Broadway, Sixth Floor
New York, NY 10001
Tel.: 646-370-1258
E-Mail: elizabeth@abrams-media.com

*/s/ Delia Thornton*

Delia Thornton, Esq.
*Business & Legal Affairs & Counsel for Defendant*
RunwayRiot, LLC
1261 Broadway, Sixth Floor
New York, NY 10001
Tel.: 646-370-1258
E-Mail: delia@abrams-media.com

## **Table of Contents**

**INTRODUCTION** ................................................................................................. **8**

**STANDARD OF REVIEW** ............................................................................... **9-12**

**FACTUAL BACKGROUND** ............................................................................ **12-16**

**ARGUMENT** .................................................................................................... **16**

   **I.    PLAINTIFF'S CLAIMS ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS, THEREFORE MERITING DISMISSAL OF PLAINTIFF'S COMPLAINT** ....................................................................................... **16**

   **II.   DEFENDANT'S USE OF THE PHOTOGRAPHIC WORKS CONSTITUTES AS FAIR USE** ............................................................................................... **21**

   **III.  PLAINTIFF'S CLAIMS ARE FURTHER WEAKENED AS DEFENDANT'S USE OF THE PHOTOGRAPHIC WORKS WAS INNOCENT AND PLAINTIFF IS PRECLUDED FROM STATUTORY DAMAGES AND ATTORNEYS' FEES DUE TO FAILURE TO TIMELY REGISTER THE COPYRIGHT OF THE PHOTOGRAPHIC WORKS** ....................................................................................... **31**

**CONCLUSION** ............................................................................................ **34-35**

# TABLE OF AUTHORITIES

Cases

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................................10

*August Image, LLC v. AirG, Inc.*,
    (2022) FC 470 (Can. Ont. C.A.) ....................................................................................20

*August Image, LLC v. AOC Brands, LLC and Anne Enke*,
    2:20-cv-02553 (E.D. Pa. 2020)......................................................................................20

*August Image, LLC v. Baller Status LLC*,
    2:23-cv-01856 (C.D. Cal. 2023) ....................................................................................20

*August Image, LLC v. Erwin Pearl, Inc.*,
    1:22-cv-03483 (S.D.N.Y. 2022) ....................................................................................20

*August Image, LLC v. Essence Communications, Inc.*,
    2:23-cv-01340 (E.D.N.Y. 2023) ....................................................................................20

*August Image, LLC v. Ice Cream Conversations, LLC*,
    1:23-cv-01992 (N.D. Ga. 2023)......................................................................................20

*August Image, LLC v, N D G I, Inc.*,
    1:23-cv-00464 (E.D. Va. 2023) ......................................................................................20

*August Image, LLC v. Swisswatchexpo, Inc.*,
    1:23-cv-00676 (N.D. Ga. 2023)......................................................................................20

*August Image, LLC v. Vice Media, LLC et. al.*,
    1:22-cv-07327 (S.D.N.Y. 2022) ....................................................................................20

*August Image, LLC et al v. Watchr Media, Inc.*,
    3:22-cv-00203 (D. Nev. 2022)........................................................................................20

*Authors Guild, Inc. v. HathiTrust*,
    755 F.3d 87, 98 (2d Cir. June 10, 2014) .........................................................................26

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................... 10 &11

*Bill Graham Archives v. Dorling Kindersley Ltd.*,
    448 F.3d 605 (2d Cir. May 9, 2006) .................................................................... 23 & 28

*Blanch v. Koons*,
   467 F.3d 244 (2d Cir. Oct. 26, 2006)................................................................27

*Cali v. Chrysler Group, LLC*,
   426 Fed.Appx. 38 (2d Cir. Aug. 30, 2011) .......................................................10

*Campbell v. Acuff-Rose Music, Inc.*,
   510 U.S. 569 (1994)............................................................................................24

*Clark v. Transp. Alternatives, Inc.*,
   2019 U.S. Dist. LEXIS 46274 (S.D.N.Y. March 18, 2019) ..............................26

*Cole v. John Wiley & Sons, Inc.*,
   2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012) .....................................................11

*Cordon Holding C.B. v. Northwest Publ'g Corp.*,
   2005 U.S. Dist. LEXIS 3860 (S.D.N.Y. March 9, 2005) ..................................33

*Design v. Carizia Intern, Ltd.*,
   1988 WL 120412 (S.D.N.Y. Nov. 3, 1988).......................................................32

*Diaz v. City University of New York*,
   2014 WL 10417871 (S.D.N.Y. Nov. 10, 2014)..................................................18

*Fiornelli v. CBS Broad. Inc.*,
   551 F. Supp. 3d 199 (S.D.N.Y. July 28, 2021)..................................................29

*Giammatteo v. Newton*,
   452 Fed.Appx. 24 (2d Cir. Dec. 13, 2011) ........................................................10

*GMA Accessories, Inc. v. Olivia Miller, Inc.*,
   139 Fed. Appx. 301 (2d Cir. July 5, 2005) .......................................................32

*Gunnells v. Teutel*,
   392 F. Supp. 3d 451(S.D.N.Y. Aug. 14, 2019)........................................ 19 & 21

*Gunnells v. Teutul*,
   469 F.Supp.3d 100 (S.D.N.Y. June 29, 2020) ......................................... 19 & 21

*Hughes v. Benjamin*,
   437 F.Supp.3d 382 (S.D.N.Y. Feb. 3, 2020) ........................................... 23 & 26

*Institute for Development of Earth Awareness v. People for Ethical Treatment of Animals*,
   2009 WL 2850230 (S.D.N.Y. Aug. 28, 2009)...................................................33

*Ipreo Holding LLC v. Thomson Reuters Corp.*,
    2011 WL 855872 (S.D.N.Y. March 8, 2011) ...................................................33

*Jacobs v. Carnival Corp.*,
    2009 WL 856637 (S.D.N.Y. March 25, 2009) ..............................................11

*Joseph v. Springer Nature*,
    2021 WL 1372952 (S.D.N.Y. April 12, 2021) .............................................12

*Leibovitz v. Paramount Pictures Corp.*,
    137 F.3d 109 (2d Cir. Feb 19, 1998)...........................................................28

*Lixenberg v. Complex Media, Inc.*,
    2023 WL 144663 (S.D.N.Y. Jan 10, 2023) .................................................19

*Mahnke v. Munchkin Products, Inc.*,
    2001 WL 637378 (S.D.N.Y. June 7, 2001) ................................................18

*Marano v. Metropolitan Museum of Art*,
    472 F.Supp.76 (S.D.N.Y. July 13, 2020).....................................................29

*Marvullo v. Gruner & Jahr*,
    105 F.Supp.2d 225 (S.D.N.Y. June 19, 2000) ............................................11

*Mathieson v. Associated Press*,
    1992 WL 164447 (S.D.N.Y. June 25, 1992) ................................. 22, 24, & 28

*Michael Grecco Prods. V. RADesign, Inc.*,
    2023 U.S. Dist. LEXIS 106853 (S.D.N.Y. June 20, 2023)...........................17

*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
    390 F. Supp. 3d 461 (S.D.N.Y. Feb. 21, 2019) .............................17-18, 20-21

*Minden Pictures, Inc. v. Complex Media, Inc.*,
    2023 U.S. Dist. LEXIS 52070 (S.D.N.Y. March 27, 2023) ..........................21

*Naked Cowboy v. CBS*,
    844 F.Supp.2d 510 (S.D.N.Y. Feb. 23, 2012) .............................................23

*N.A.S. Imp., Corp. v. Chenson Enters.*,
    968 F.2d 250 (2d Cir. June 29, 1992) .........................................................32

*Newsome v. Brown*,
    2005 WL 627639 (S.D.N.Y. March 16, 2005) ...................................... 18 & 19

*NXIVM Corp. v. Ross Institute,*
364 F.3d 471 (2d Cir. April 20, 2004) .................................................. 24 & 31

*Olkey v. Hyperion 1999 Term Trust, Inc.,*
98 F.3d 2 (2d Cir. Oct. 15, 1996) ....................................................................10

*Poindexter v. Warner/Chappell Music Inc.,*
2009 WL 302064 (S.D.N.Y. Feb. 9, 2009)........................................................18

*Psihoyos v. John Wiley & Sons, Inc.,*
784 F.3d 120 (2d Cir. April 4, 2014) ...........................................................17

*Ritani, LLC v. Aghjayan,*
970 F.Supp.2d 232 (S.D.N.Y., Sept. 9, 2013) ......................................... 11 &12

*Rosner v. Codata Corp.,*
917 F. Supp. 1009 (S.D.N.Y. Feb. 23, 1996) ..............................16-17 & 19-20

*Sarl Louis Feraud Int'l v. Viewfinder, Inc.,*
627 F. Supp. 2d 123 (S.D.N.Y. Dec. 19, 2008) ..............................................29

*Schwartzwald v. Oath Inc.,*
2020 WL 5441291 (S.D.N.Y. Sept. 10, 2020)................................................25

*Smith v. City of New York,*
2013 WL 1903856 (S.D.N.Y. May 8, 2013) .................................................10

*Sohm v. Scholastic Inc.,*
2020 Copr.L.Dec. P 31,643 (2d Cir. May 12, 2020) .......................................17

*Stone v. Williams,*
873 F.2d 620 (2d Cir. Dec. 5, 1989) ............................................................19

*Sunset Lamp Corp. v. Alsy Corp.,*
749 F.Supp. 520 (S.D.N.Y. Oct. 22, 1990)......................................................33

*Swatch Group Management Services Ltd. v. Bloomberg L.P.,*
756 F.3d 73 (2d Cir. May 30, 2014) ......................................................... 22 & 24

*TCA Television Corp. v. McCollum,*
151 F.Supp.3d 419 (S.D.N.Y. Dec. 17, 2015) ................................................30

*TCA Television Corp. v. McCollum,*
839 F.3d 186 (2d Cir. Oct. 11, 2016) .............................................................. 30

6

*Tracy v. Skate Key, Inc.*,
   697 F.Supp. 748 (S.D.N.Y. Oct. 17, 1988)........................................................................33

*Walsh v. Townsquare Media, Inc.*,
   464 F. Supp. 3d 570 (S.D.N.Y. June 1, 2020) ...................................................... 25 & 26

*Williams v. A&E Television Networks*,
   122 F.Supp.3d 157 (S.D.N.Y. Aug. 13, 2015)..................................................................11

*Wright v. Warner Books, Inc.*,
   953 F.2d 731 (2d Cir. Nov 21, 1991)................................................................................23

*Yang v. Mic Network Inc.*,
   2022 WL 906513 (2d Cir. March 29, 2022) ...................................................... 23 & 26-28

<u>Statutes</u>

17 U.S.C. § 107 ........................................................................................................................22

17 U.S.C § 412 ....................................................................................................... 9, 31-33 & 35

17 U.S.C. § 504 ........................................................................................................................33

17 U.S.C. § 507 .................................................................................................... 9, 16-17 & 34

<u>Rules</u>

Fed. R. Civ. P. 12(b)(6)........................................................... 8-12, 17-18, 21, 23, 25-26, 30 & 33

Defendant RunwayRiot, LLC ("RunwayRiot, LLC" or "Defendant") respectfully requests that the Court dismiss Plaintiff August Image, LLC's ("August Image" or "Plaintiff") Complaint ("Plaintiff's Complaint") pursuant to the Federal Rule of Civil Procedure ("F.R.C.P.")12(b)(6), for failure to state a claim upon which relief can be granted, in its entirety.[1][2][3]

## <u>INTRODUCTION</u>

Plaintiff, a boutique agency representing various photographers[4] primarily focusing on celebrity and fashion photography, (*see* Plaintiff's Complaint, ECF Doc. No. 1) has insufficiently set forth claims alleging that Defendant has engaged in willful copyright of twelve (12) photographs of noted public figures such as actress/director Lena Dunham, supermodel Gigi Hadid, and prominent comedian Leslie Jones (the "Photographic Works"), taken by various photographers, as listed in Paragraph 7 of Plaintiff's Complaint.  Specifically, Plaintiff alleges that Defendant has engaged in copyright infringement by reproducing and distributing the Photographic Works in articles that were featured on Defendant's website well ***over six years ago,*** with the first Photographic Work utilized in a Runway Riot article posted on November 20, 2015 and the last in an article posted on August 3, 2016 (*see **Exhibit A***, an annexation of the articles appearing on Runway Riot featuring the Photographic Works in question)("Runway Riot Articles").  While Defendant does not deny utilizing the Photographic Works, Plaintiff's claims of copyright infringement warrant dismissal entirely on numerous counts, primarily because

---

[1] On a procedural note, neither of the parties in this case have consented to have this matter proceed before a magistrate judge, as noted in the Court's docket entry on May 22, 2023, nor have the parties filed a Notice, Consent, and Reference of a Civil Action to Magistrate Judge form.  As such, the Defendant respectfully notes this case has been proceeding before the Honorable Judge Alvin K. Hellerstein.

[2] Per Judge Hellerstein's Individual Rules (dated March 18, 2020), pursuant to Rule 2(B) "Motions", Defendant is not required to seek permission from this Court to file this instant motion: "Counsel shall not request a pre-motion or permission to file a motion.  Motions may be filed in the discretion of the attorneys, and shall conform to the Federal Rules of Civil Procedure."  (*See **Exhibit D***, Page 3 of Judge Hellerstein's Individual Rules, dated March 18, 2020).

[3] Defendant further notes it has not filed a responsive pleading yet in response to Plaintiff's Complaint, and therefore files this instant motion, as permitted under F.R.C.P. 12.

[4] Specifically, Plaintiff represents photographers Camilla Akrans, Art Streiber, Mark Seliger, Alex Lubomirski, Joseph Pugliese, and Kenneth Willardt (collectively, "Photographers") whose photos (the "Photographic Works") comprise the subject matter of this litigation.  Moreover, Plaintiff claims to be the exclusive licensee of the aforementioned Photographic Works, owning all copyrights in the works at issue.  *See Plaintiff's* Complaint at 2-3, ¶ 8.

Plaintiff's Complaint fails to state a claim upon which relief can be granted, as required by the Federal Rules of Civil Procedure.

*First,* Plaintiff's claims are barred by the applicable statute of limitations, as Plaintiff failed to discover the alleged infringing conduct within the three-year statute of limitations required for copyright infringement claims and/or within a reasonable amount of time, despite having more than six years to do so, in accordance with 17 U.S.C. § 507 of the U.S. Copyright Act and requirements enforced by this circuit.   *Second,* Defendant's use of the Photographic Works constitute fair use, as the Photographic Works: i) were utilized by Defendant for purposes of news reporting, commentary, and criticism and are transformative, ii) Defendant used no more of the Photographic Works than necessary to achieve its purpose; and iii) usage of the Photographic Works did not significantly harm any potential market Plaintiff may be engaged in.

Defendant further notes that Defendant's use of the Photographic Works amounts to non-willful and unintentional use, as Defendant used the Photographic Works innocently and in total good faith.   Further weakening Plaintiff's Complaint is Plaintiff's failure to timely register a majority of the copyrights within the three-month statutory period, thereby eliminating Plaintiff's entitlement to statutory damages or attorney's fees, pursuant to 17 U.S.C. § 412.   Plaintiff's thread-bare allegations that Defendant willfully infringed the copyright of its Photographic Works are plainly deficient and, as a result, Plaintiff has failed to meet its burden of proof.

For these reasons, and as discussed in greater detail herein, Plaintiff's Complaint should be dismissed.

### STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to F.R.C.P. 12(b)(6), where the complaint fails to state a claim upon which relief should be granted (F.R.C.P. 12(b)(6)).   "To

survive a Rule 12(b)(6) motion, however, the plaintiff must plead sufficient facts 'to state a claim to relief that is plausible on its face.'  A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Moreover, a "plaintiff must allege sufficient facts to show 'more than a sheer possibility that a defendant acted unlawfully' and a "complaint that offers only 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'"  *Smith v. City of New York*, 2013 WL 1903856, *2 (S.D.N.Y. May 8, 2013)(granting defendant's Rule 12(b)(6) motion)).  This has been upheld by the Second Circuit for years: *Giammatteo v. Newton*, 452 Fed. Appx. 24 (2d Cir. Dec. 13, 2011)(upholding lower court's dismissal of plaintiff's complaint pursuant to Rule 12(b)(6)); *Olkey v. Hyperion 1999 Term Trust, Inc*., 98 F.3d 2, *9 (2d Cir. Oct. 15, 1996)(upholding the lower court's dismissal, stating: "Dismissal under Rule 12(b)(6) is appropriate because 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"); & *Cali v. Chrysler Group, LLC*, 426 Fed. Appx. 38 (2d Cir. Aug. 30, 2011)(upholding the lower courts dismissal of plaintiff's claim pursuant to Rule 12(b)(6)).  Moreover, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and Plaintiffs must allege sufficient facts to "nudge their claims across the lien from conceivable to plausible".  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(dismissing plaintiff's complaint for failure to state a claim under rule 12(b)(6)).  Further, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(holding the plaintiff failed to plead sufficient facts).  Plaintiff must do more than allege bare legal conclusions with no factual support to survive a motion to dismiss pursuant to Rule 12(b)(6).  *See: Smith*, 2013 WL 1903856 at *2 ("Further, if the plaintiff has not 'nudged [his or

her] claims across the lien from conceivable to plausible, [the] complaint must be dismissed."
(quoting *Twombly*, 550 U.S. at 570).

Courts in this circuit have granted Rule 12(b)(6) motions to dismiss when it is clear the
face of the complaint alleging copyright infringement fails to meet the standards set by the Federal
Rules of Civil Procedure: *Marvullo v. Gruner & Jahr*, 105 F.Supp.2d 225, 233 (S.D.N.Y. June 19,
2000)(granting defendant's Rule 12(b)(6) motion to dismiss, as the court noted plaintiff's
allegations of direct copyright infringement suffered from "… fatal defects, including of vagueness
and conclusoriness…"); *Jacobs v. Carnival Corp.*, 2009 WL 856637 (S.D.N.Y. March 25,
2009)(granting defendants' motion to dismiss under F.R.C.P. 12(b)(6), noting plaintiffs failed to
state a claim for their copyright infringement allegations, as defendant had no role in the
ownership, management, or operation of the ships at issue); & *Williams v. A&E Television
Networks*, 122 F.Supp.3d 157, 164 (S.D.N.Y. Aug. 13, 2015)(granting defendants' Rule 12(b)(6)
motion to dismiss plaintiff's copyright infringement action, partially because the complaint "fails
to plausibly allege that 'a substantial similarity exists between the defendant's work and the
protectable elements of plaintiff's.'").

When there are no facts supplied in a plaintiff's complaint regarding the actions alleged
(particularly in regard to copyright infringement claims), courts in this circuit have dismissed
such pleadings in their entirety, in accordance with Rule 12(b)(6). *See further*: *Cole v. John
Wiley & Sons, Inc.*, 2012 WL 3133520, *17 (S.D.N.Y. Aug. 1, 2012)(plaintiff's amended
complaint was dismissed entirely, as "Plaintiff has pleaded no facts capable of showing that
Wiley's alleged fraudulent acts… led to any direct and proximate loss… that would have been
caused by Wiley's copyright infringement."); *Ritani, LLC v. Aghjayan*, 970 F.Supp.2d 232, 262
(S.D.N.Y. Sept. 9, 2013)(upholding aspects of lower court's dismissal pursuant to Rule 12(b)(6),

stating: "Ritani, however, offers no facts supporting the conclusory allegation that any alleged loss of sales resulted from any wrongful conduct by Aghjayan, or that Aghjayan even possessed confidential information or used such information inappropriately."); & *Joseph v. Springer Nature*, 2021 WL 1372952, *5 (S.D.N.Y. April 12, 2021)(granted defendant's motion to dismiss in its entirety, as plaintiff's complaint containing copyright infringement claims failed to plead a claim pursuant to Rule 12(b)(6), stating in regard to the defendant: "… he offers no plausible theory for why a retraction, or the printing of the word 'retracted' on his article, constitutes an infringement of his copyright.").

When courts within this circuit have determined that a plaintiff's complaint fails to provide sufficient factual contentions and to state a claim upon which relief can be granted, that warrants dismissal of the pleading in its entirety.

## FACTUAL BACKGROUND

Runway Riot, a defunct website ("Runway Riot") that has not been in operation since 2017, previously offered commentary and news about the fashion industry, including the latest trends, style, and more specifically, the wider issue of body positivity and the changing ways beauty was being viewed in the fashion arena.  Runway Riot, which has been removed from the Internet entirely and is no longer available as a public website (*see **Exhibit B***, a public listing of the unavailable URL runwayriot.com), was owned by the Delaware-formed limited liability company, RunwayRiot, LLC, the defendant in this action.  RunwayRiot, LLC has had virtually no funds or monetary sums in its bank account for years, with Defendant's records indicating no more than a balance of One Dollar ($1) as far back as 2017, all the way until June 2023.  Moreover, the website Runway Riot has had very little viewership or community engagement as a site overall, as confirmed by verified web analytics services, which demonstrate some of the articles had only

been viewed around one hundred sixty (160) times *in total* in the many years since their initial publication, a microscopic figure in terms of Internet revenue and traffic.[56]  The website Runway Riot ceased operations six years ago, and the last known article was posted in or around November 2017.

Plaintiff is an agency representing portrait, lifestyle, and fashion photographers for editorial and commercial licensing.  From a period of November 20, 2015 to August 3, 2016, Defendant posted articles featuring the Photographic Works entirely supported by fair use, utilizing the photos to provide extensive commentary and reporting on wider topics such as body inclusivity, fashion trends, and online cyberbullying to its then-viewers.  (*See Exhibit A*, screenshots of the articles as featured in Runway Riot and *Exhibit C*, a table curated by Defendant demonstrating the dates of publication of the Runway Riot Articles, the original sources of the Photographic Works, and the dates of the copyright registration for each).  As evidenced by these exhibits and referenced throughout this motion, the date of publication of the Runway Riot Articles utilizing the Photographic Works for fair use were posted over six years ago and Plaintiff failed to timely register each photo (with the exception of one as noted), thereby enabling Plaintiff with more than enough time to discover these works (specifically, the dates of publication of these Articles are shown in *Exhibit C* and included herein, in accordance with the information Plaintiff provided in its Complaint on Pages 25-38):

---

[5] These bank records & analytics data were provided in full by Defendant to Plaintiff over a week prior to Defendant filing this motion, i) in an effort to attempt to resolve this matter prior to resorting to motion practice in this Court and ii) to demonstrate the frivolity of filing a baseless complaint against a defunct website owned by a limited liability company that has had an empty bank account for over six years and gained little to no traction in terms of website traffic revenue.

[6] Many of the other articles featuring the Photographic Works featured similarly low figures in terms of pageviews, including a total of 286 pageviews for the article featuring Leslie Jones, with the photo featured on page 14 of Plaintiff's Complaint; a total of 310 pageviews for the article with the photo featured on page 17 of the Plaintiff's Complaint; and total of 951 pageviews for the article featuring Serena Williams, with the photo featured on page 15 of Plaintiff's Complaint.  All of these represent the *total* number of views of each article received since their initial publication in June 2016, March 2016, and August 2016, respectively, which demonstrates the incredibly low amount of exposure the Photographic Works and the Runway Riot Articles received.

i)      **Article 1:** The Article utilizing the photo of Lena Dunham via fair use, as shown on Page 12 of Plaintiff's Complaint, was posted on Runway Riot on November 20, 2015.  This photo had an original publication date of November 20, 2015, and Plaintiff did not register this work until November 6, 2019.

ii)     **Article 2:** The Article utilizing the photo of gold medalist/athlete Alyssa Seely via fair use, as shown on Page 13 of Plaintiff's Complaint, was posted on Runway Riot on July 11, 2016.  This photo had an original publication date of July 6, 2016 and this is the only photo Plaintiff managed to register in a timely fashion.

iii)    **Article 3:** The Article utilizing the photo of Leslie Jones via fair use, as shown on Page 14 of Plaintiff's Complaint, was posted on Runway Riot on June 29, 2016. This photo had an original publication date of June 7, 2016, and Plaintiff did not register this work until April 21, 2017.

iv)     **Article 4:** The Article utilizing the photo of Serena Williams via fair use, as shown on Page 15 of Plaintiff's Complaint, was posted on Runway Riot on August 3, 2016. This photo had an original publication date of August 1, 2016, and Plaintiff did not register this work until April 21, 2017.

v)      **Article 5:** The Article utilizing the photo of Demi Lovato via fair use, as shown on Page 16 of Plaintiff's Complaint, was posted on Runway Riot on June 27, 2016. This photo had an original publication date of January 18, 2016, and Plaintiff did not register this work until March 30, 2022.

vi)     **Article 6:** The Article utilizing the photo of an unidentified model via fair use, as shown on Page 17 of Plaintiff's Complaint, was posted on Runway Riot on March 25, 2016.  This photo had an original publication date of approximately August

2009, and Plaintiff did not register this work until over a decade later, in June 30, 2020.

vii) **Article 7:** The Article utilizing the photos of Gigi Hadid via fair use, as shown on Pages 18 - 22 of Plaintiff's Complaint, was posted on Runway Riot on April 18, 2016. These photos had an original publication date of April 1, 2016, and Plaintiff did not register this work until June 30, 2020.

viii) **Article 8:** The Article utilizing the photo of Lola Kirke via fair use, as shown on Page 23 of Plaintiff's Complaint, was posted on Runway Riot on December 30, 2015. This photo had an original publication date of December 30, 2015, and Plaintiff did not register this work until January 27, 2021.

Plaintiff, with more than enough time to discover these photos, has brought this action *over seven to eight years* after the publication of many of the Photographic Works, well surpassing the statute of limitations and timing requirements set by courts within this circuit as to how long a plaintiff has in bringing a copyright infringement action.

Moreover, with the exception of one photo, Plaintiff failed to timely register the copyright of each of the Photographic Works within the three-month period as required per U.S. copyright law. The general and unreasonable delay is even conceded to by Plaintiff themselves in their own Complaint, resorting to blaming the vast amount of data generated on the Internet as to the reason for the untimely filing of their pleading: "The failure to discover these infringements sooner occurred not due to a lack of reasonable effort by Plaintiff... Plaintiff understands and believes that it is not, and should not, be considered at fault for not discovering these infringements sooner than it did." (*See* Plaintiff's Complaint, Page 5, ¶ 23). To the contrary, as evidenced throughout this

motion and by this Court's precedent, Plaintiff had more than enough time to register the copyrights of these works and bring this claim, yet still failed to do so in a timely manner.

Plaintiff's Complaint warrants dismissal as the complaint is barred by the statute of limitations and despite Plaintiff's allegations to the contrary, Defendant's use of the Photographic Works does not amount to copyright infringement, as it constitutes fair use.  Moreover, *even if* this Court were to find that Defendant's use of the Photographic Works constituted copyright infringement—which it did not—Defendant's utilization of the works was non-willful and any damages awarded to Plaintiff would be nominal, as statutory damages and attorneys' fees would be precluded from being awarded due to Plaintiff's failure to timely register the copyright for nearly all of the Photographic Works in a timely fashion.

## ARGUMENT

### I.   PLAINTIFF'S CLAIMS ARE TIME-BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS, THEREFORE MERITING DISMISSAL OF PLAINTIFF'S COMPLAINT

Plaintiff's claims automatically fail, as they were not timely brought pursuant to the statute of limitations; as per federal statute and this Court's mandatory precedent, a plaintiff must bring suit within three years of a claim of copyright infringement accruing.  17 U.S.C. § 507(b).  *Rosner v. Codata Corp.*, 917 F. Supp. 1009, 1017 (S.D.N.Y. Feb. 23, 1996)(granting defendant's summary judgment motion after ruling plaintiff's copyright infringement claims were barred by the statute of limitations, stating: "The statute of limitations for a copyright-infringement claim is three years").  Even if three years has passed and a court enables a plaintiff to pursue a claim, the measurement of when that case must be brought is based on when the plaintiff should have, with *reasonable due diligence*, discovered the claims: "The test is not whether a plaintiff could have learned of their injury; rather, it is whether, with the application of reasonable diligence,

they <u>should have</u> known of their injury". *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. Feb. 21, 2019)(granting defendant's Rule 12(b)(6) motion to dismiss for a majority of plaintiff's claims). This is further affirmed in other cases: "… the statute of limitations begins to run when 'the plaintiff has or with reasonable diligence should have discovered the critical facts.'" *Rosner*, 917 F.Supp. at *1019 & *Psihoyos v. John Wiley & Sons, Inc.*, 784 F.3d 120, 124 (2d Cir. April 4, 2014): A claim for copyright infringement, "does not 'accrue' until the copyright holder discovers, *or with due diligence* should have discovered, the infringement (the so-called 'discovery rule')." The standard set by *Psihoyos* is still closely followed precedent in this circuit nearly 10 years later: in *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. May 12, 2020)(re-emphasizing the burden placed on plaintiff to demonstrate the defendant's use of his images was improper), the court stated: "As we noted in Psihoyos, we apply a 'discovery rule for copyright claims under 17 U.S.C. § 507(b). Under that rule, 'an infringement claim does not 'accrue' until the copyright holder discovers, or with due diligence should have discovered, the infringement." Although Plaintiff is not under a "duty to police the internet to discover infringing uses of their work,", they are still under an obligation to bring their complaints in a timely fashion. *Michael Grecco Prods. v. RADesign, Inc.*, 2023 WL 4106162, at *2 & 10 (S.D.N.Y. June 20, 2023)(granting defendant's motion to dismiss plaintiff's complaint, stating: "Because the face of the Complaint fails to allege facts plausibly supporting either circumstance, the Court agrees with Defendants that this action should be dismissed as time barred.").

In this circuit, when the statute of limitations for a copyright infringement claim has expired, courts are prone to granting Rule 12(b)(6) motions to dismiss. In *Minden,* the court partially granted defendant's Rule 12(b)(6) motion against plaintiff's copyright infringement claims, after stating that "The Court finds that the claim as to the 24 photographs … are dismissed

as time-barred. A reasonable copyright holder in Plaintiff's position, exercising due diligence, 'should have discovered' that its copyright was being violated during the three-year statute of limitations." *Minden*, 390 F.Supp.3d at 467. *See* further: *Mahnke v. Munchkin Products, Inc*., 2001 WL 637378, *3 (S.D.N.Y. June 7, 2001)(granting defendant's Rule 12(b)(6) motion to dismiss, noting the complaint "seemingly comes three years after the expiration of the applicable statute of limitations for copyright infringement"); *Diaz v. City University of New York*, 2014 WL 10417871 (S.D.N.Y. Nov. 10, 2014)(granting motion to dismiss plaintiff's claims in part, which included copyright infringement, due to some of those claims being time-barred) & *Poindexter v. Warner/Chappell Music Inc*., 2009 WL 302064, *4 (S.D.N.Y. Feb. 9, 2009)(granting defendant's dismissal, as the court converted the Rule 12(b)(6) motion defendant filed to a summary judgment, stating: "Plaintiff's infringement and ownership claims premised on his alleged full copyright ownership of the songs is barred by the statute of limitations.")

In this matter, not only has Plaintiff failed to discover the alleged infringement within the three-year statutory period, moreover, it waited *seven to eight years* to bring these meritless claims forward.  Courts in this circuit have ruled that once a plaintiff waits to bring a claim after such a period of time has passed, then the statute of limitations is deemed expired.  In *Minden*, the court took particular notice of the fact that it took plaintiff *six years* to bring forward many of his claims, which factored into its Rule 12(b)(6) dismissal of 24 of the images in question, stating that "Some of Buzzfeed's articles were posted as early as 2011 and Minden Pictures provides no explanation for its delayed filing of this lawsuit beyond its allegation that it had no reason to discover the alleged infringement prior to 2017." *Minden*, 390 F.Supp. 3d at 467.  Similarly in *Newsome v. Brown*, the court has stated the "Second Circuit Court of Appeals, and the Southern District have held that there are circumstances where laches will apply to copyright claims", thus preventing

complaints from moving forward due to unreasonable delay (referencing *Stone v. Williams*, 873 F.2d 620, 623, (2d Cir. Dec. 5, 1989), in which a laches defense was upheld where the daughter of Hank Williams, Sr. "had delayed *six years* in asserting a claim for co-ownership of renewal copyrights in Williams' songs".)) *Newsome v. Brown*, 2005 WL 627639, *7 (S.D.N.Y. March 16, 2005)(emphasis added). Further, in *Lixenberg v. Complex Media, Inc*., 2023 WL 144663, *3 (S.D.N.Y. Jan 10, 2023), the court granted defendant's motion to dismiss, after defendant produced the photo in question on its website in May 2016, plaintiff alleged discovery in September 2021, and did not file its complaint until January 2022 ("It is thus not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the Infringing Use here until September 2021, over five years later."). Finally, the same is true in *Gunnells v. Teutel*, 392 F. Supp. 3d 451, 453 (S.D.N.Y. Aug. 14, 2019), as the court ruled the Plaintiff failed to bring a timely complaint, stating that "*the fact that a great majority of the alleged infringement is six to eight years old gives the Court pause*" where the plaintiff only "alleged one act of infringement that facially appears to be within the limitations period")(emphasis added). *Gunnells* later opined "the defaulting defendants note that while plaintiff claims to have discovered all instances of infringing activity on or after October 2017, the plausibility of this claim is undermined by the fact that plaintiff, according to defendants, specifically took the photographs ten years ago." *Gunnells v. Teutul,* 469 F.Supp.3d 100, *104 (S.D.N.Y. June 29, 2020). Further, *Rosner v. Codata Corp.*, the court prevented plaintiff from bringing forward his claims, as he should have been made aware of infringing copies of his work in 1974 and he did not realize it until 1989, which constituted a 15-year delay: "The mere fact that plaintiff's failed to ask himself "the right question" for almost fifteen years does not create a reasonable excuse for plaintiff's failure to discover the alleged misappropriation and copyright

violations. Accordingly, the statute of limitation should not be tolled in the instant case." *Rosner,* 917 F.Supp. 1009 at *1019.

It is evidently clear that Plaintiff's claims do not fall within the three-year statute of limitations period, as the alleged infringing articles were all posted more than six years ago, with the oldest posted in December 2015 and the newest posted in August 2016. Further, even under the reasonable due diligence discovery rule, Plaintiff's claims are still barred by the statute of limitations, as case law above ruled that waiting a 6-8 year period to bring forward a copyright infringement claim was unreasonable, which is the same ruling that should apply in this instance. Even further, bearing in mind Plaintiff's position as an agency that identifies itself as an "elite group of celebrity, lifestyle, beauty, and fashion photographers for editorial and commercial licensing"[7], Plaintiff should have been well aware of the date of publication of the Photographic Works and that any complaint regarding the usage of them (even ones constituting fair use), should not proceed, such as is the case here. When analyzing copyright claims, courts may take the parties' sophistication into consideration, as was the case in *Minden,* 390 F.Supp.3d at 467 ("Courts may consider the relative sophistication of parties in a copyright suit."). Similarly here, Plaintiff is a sophisticated business entity that employs third-party technology companies to search for infringement concurrently, and therefore should have been well aware of the timing requirements regarding when to bring a claim of copyright infringement (*see* Plaintiff's Complaint, Page 5, ¶ 22). Furthermore, Plaintiff is no stranger to copyright infringement claims, as it has litigated *at least ten* matters alleging claims of copyright infringement in just the past few years.[8]

---

[7] AUGUST; https://www.augustimage.com/About.
[8] *See, e.g., August Image, LLC v. AirG, Inc.*, (2022) FC 470 (Can. Ont. C.A.); *August Image, LLC et al v. Watchr Media, Inc.*, 3:22-cv-00203 (D. Nev. 2022); *August Image, LLC v. AOC Brands, LLC and Anne Enke*, 2:20-cv-02553 (E.D. Pa. 2020); *August Image, LLC v. Vice Media, LLC et. al.*, 1:22-cv-07327 (S.D.N.Y. 2022); *August Image, LLC v. Essence Communications, Inc.*, 2:23-cv-01340 (E.D.N.Y. 2023); *August Image, LLC v. Swisswatchexpo, Inc.*, 1:23-cv-00676 (N.D. Ga. 2023); *August Image, LLC v. Erwin Pearl, Inc.*, 1:22-cv-03483 (S.D.N.Y. 2022); *August Image, LLC v. N D G I, Inc.*, 1:23-cv-00464 (E.D. Va. 2023); *August Image, LLC v. Baller Status LLC*, 2:23-cv-01856 (C.D. Cal. 2023); *August Image, LLC v. Ice Cream Conversations, LLC*, 1:23-cv-01992 (N.D. Ga. 2023)

Plaintiff's delay in discovering the alleged infringement and its sophistication, when considered simultaneously, makes it even further clear that Plaintiff's claims are time-barred under the discovery rule. *See, e.g.: Minden,* 390 F.Supp.3d at 467:

> "The Court concludes that a reasonable copyright holder in [Plaintiff's] position—that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010—should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period.").

*See also: Minden Pictures, Inc. v. Complex Media, Inc.*, 2023 WL 2648027, *3 (S.D.N.Y. March 27, 2023)(granting Defendant's motion to dismiss pursuant to Rule 12(b)(6), stating: "Given that Plaintiff's business is designed to protect and enforce the copyrighted works that it licenses, and employs intricate means of doing so, it is not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the alleged infringing use here…").  In the instant matter, Defendant's last and most recent article related to Plaintiff's claims was posted on August 3, 2016.  Plaintiff, however, waited until May 22, 2023, to file its Complaint—almost seven to eight years after publication of the Photographic Works, which *Gunnells* and other cases deemed unacceptable.   As a result of Plaintiff's unreasonable delay in asserting its claims against Defendant, and considering its sophisticated position as an agency specializing in licensing works of photographers, Plaintiff's claims alleging that Defendant has engaged in willful copyright infringement should be dismissed.

## II.   DEFENDANT'S USE OF THE PHOTOGRAPHIC WORKS CONSTITUTES AS FAIR USE

Despite being time barred and therefore deficient, Plaintiff's claims suffer another fatality—that Defendant's use of the Photographic Works constitutes as fair use, primarily because Defendant's utilization of the Photographic Works falls squarely within the news reporting,

commentary, and criticism exception of fair use per the Copyright Act, and a majority of the four factors court examine when determining fair use weigh in favor of Defendant. First and foremost, in accordance with the U.S. Copyright Act under 17 U.S.C. § 107, courts typically permit usage of works when that usage is for purposes including news reporting, commentary, criticism, and more. 17 U.S.C. § 107. *See: Swatch Group Management Services Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 82 (2d Cir. May 30, 2014)(the court ruled the defendant engaged in fair use, stating that plaintiff's sharing recordings news reporting: "At a minimum, such public dissemination of financial information serves this public purposes in the nature of news reporting.") & *Mathieson v. Associated Press,* 1992 WL 164447, *3 (S.D.N.Y. June 25, 1992)(ruling defendant's use of plaintiff's photos constituted fair use, stating: "As such, the character and purpose of AP's use of plaintiff's photos falls well within the bounds of responsible news reporting on a matter of legitimate public interest."). Runway Riot fell completely within this exception during its operating years, being touted as a vehicle for "editorial content"[9] and that in "addition to being a fashion and beauty site, Runway Riot 'addresses real issues that women face on a daily basis.'"[10] This modus operandi of providing news coverage, commentary, and criticism regarding the fashion industry and world of beauty is evident throughout the Runway Riot Articles featuring the Photographic Works - as an example, the June 27, 2016 article featuring the photo of Demi Lovato was utilized to report on the wider issues of self-acceptance, eating disorders, and addiction; the July 21, 2016 article featuring the photo of Leslie Jones was utilized to provide current criticism on the greater issues of body shaming, racism, and online bullying; and the August 3, 2016 article

---

[9] Emily Shire, *Will Runway Riot Make Fashion Get Real About Body Shape?*, The Daily Beast, Apr. 13, 2017, https://www.thedailybeast.com/will-runway-riot-make-fashion-get-real-about-body-shape.
[10] Monica Sisavat Solis, *7 Fun Facts About Iskra Lawrence, the Woman Shaking Up the Modeling Industry*, Pop Sugar, August 3, 2017, https://www.popsugar.com/celebrity/who-iskra-lawrence-43822680.

featuring the photo of Serena Williams was used to provide commentary regarding body positivity and her career as a woman of color in a pre-dominantly Caucasian sport.

It is clear that Defendant's usage of the Photographic Works was utilized for purposes of news reporting, commentary, and criticism, which is explicitly permitted by both the U.S. Copyright Act and this circuit's case law.

Further, an examination of a majority of the four factors determining fair use weigh in favor of the Defendant as well.  In this circuit, when fair use is evident, courts have been swift to grant a defendant's Rule 12(b)(6) motion.  *See*: *Yang v. Mic Network Inc*., 2022 WL 906513, \*1 & \*3 (2d Cir. March 29, 2022)(upholding the lower court's granting of defendant's Rule 12(b)(6) motion, stating: "… the District Court granted Mic's motion to dismiss pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, concluding that its use of Yang's photograph was fair use" and "we affirm the… orders and the… judgment of the District Court"); *Naked Cowboy v. CBS*, 844 F.Supp.2d 510, (S.D.N.Y. Feb. 23, 2012)(granting Defendant's Rule 12(b)(6) motion, after declaring the utilization of the "Naked Cowboy" as title of an online video clip was fair use); & *Hughes v. Benjamin*, 437 F.Supp.3d 382 (S.D.N.Y. Feb. 3, 2020)(granting Defendant's Rule 12(b)(6) motion to dismiss, as three out of four of the fair use factors weighed in favor of defendant's usage of a video intended for parody).

When deciding whether a work constitutes fair use, such an analysis "involves a case-by-case determination using four non-exclusive, statutorily provided factors in light of the purposes of copyright."  *Bill Graham Archives v. Dorling Kindersley Ltd*., 448 F.3d 605, 608 (2d Cir. May 9, 2006)(concluding defendant's usage of copyrighted images in a book was fair use).  These factors are, per *Wright v. Warner Books, Inc*., 953 F.2d 731 (2d Cir. Nov. 21, 1991)(upholding the lower court's decision that biographer's usage of materials was fair use):

23

"(1) the purpose and character of the use, (2) the nature of the copyrighted work, (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole, and (4) the effect of the use upon the potential market for or value of the copyrighted work."

Furthermore, courts in this circuit have made clear that there is no deciding sole factor and all factors are weighed together in a court's examination: *NXIVM Corp. v. Ross Institute*, 364 F.3d 471, 479 & 482 (2d Cir. April 20, 2004)(stating "plaintiffs are not likely to succeed on the merits" and citing prior case law that "no single fair use factor is dispositive…").  In courts within this circuit, if a majority of the factors as a whole weigh against plaintiff, then the utilization of the materials in question is deemed to be in fair use and therefore, plaintiff's complaint is typically dismissed.

## *Purpose and Character of the Use*

With respect to the first factor, "the enquiry focuses on whether the new work merely supersedes the objects of the original creation, or whether and to what extent it is transformative, altering the original with new expression, meaning, or message." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 569 (1994)(ruling that a commercial character of a song parody did not create a presumption against fair use).  Further, this factor requires an analysis as to whether the image was used for a commercial or nonprofit educational purpose*.  Id.*  As evidenced above, the entire doctrine of fair use enables the unlicensed use of works for purposes of news reporting, commentary, and criticism, among other uses, which this utilization strictly falls under, as Runway Riot was a website dedicated to covering news in the fashion and body positivity space, in line with precedent referenced in this motion via *Swatch Group Management Services Ltd v. Bloomberg L.P*. and *Mathieson.*

In regard to the transformative aspect of the factor, this too weighs in favor of the Defendant. Indeed, the Southern District of New York has previously found the use of photographs in articles to be transformative where the photographs in the articles are used for an entirely different purpose than originally intended. *See*: *Schwartzwald v. Oath Inc*., 2020 WL 5441291 (S.D.N.Y. Sept. 10, 2020)(granting defendant's Rule 12(b)(6) motion to dismiss, ruling fair use existed in regard to the usage of a photograph of actor Jon Hamm, used in a *Huffington Post* article dissecting wider major news events occurring in 2013, including the issues of drug addiction and teenage motherhood). Similarly in this instance, the original purpose intended for the Photographic Works—which were professionally shot by well-known photographers and appearing in high-end fashion and entertainment magazines—is quite clearly different from the purpose of Defendant's use of the Photographic Works in its articles to accompany news-worthy events in fashion which reaches a different audience. The use of the Photographic Works was to highlight and discuss greater topics as referenced above, including online hate comments, body positivity, race issues, addiction, and even self-harm, as referenced in the Runway Riot Articles regarding Leslie Jones, Demi Lovato, Serena Williams, and more. The Photographic Works were not utilized in the article to discuss only the subjects of the photos, but rather were used to report on and provide commentary on greater issues in the fashion industry and society at large. Thus, the first factor weighs in favor of Defendant's use of the Photographic Works because it is clearly transformative. *See further: Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570, 581-82 (S.D.N.Y. June 1, 2020)(ruling online publisher's unauthorized use of copyrighted celebrity photograph was fair use, and stating that transformative use exists when usage of a photographic work is for an entirely different purpose than originally intended, as the photo in question was originally used to simply depict celebrity Cardi B at a fashion show, yet in the article in question

it was used to report on a fight between Cardi B with rapper Nicki Minaj) & *Clark v. Transp. Alternatives, Inc.*, 2019 UWL 1448448 (S.D.N.Y. March 18, 2019)(finding the use of a photograph transformative where it was used for a different purpose, as the usage of the photo in question was transformative when the defendant utilized a photo of a dockless bicycle to highlight and critique the greater issue of New York City sidewalks becoming physically overwhelmed).

### *Nature of the Copyrighted Work*

The second factor, which examines the nature of the copyrighted work, also weighs in favor of Defendant, as the Photographic Works had been published for years prior to Plaintiff bringing this complaint.  As mentioned, in regard to this factor, "courts consider whether a work is creative versus factual, and unpublished versus published, with copyright protections applying more broadly to creative and *unpublished works*".  *Walsh*, 464 F.Supp.3d at 585 (ruling that the second factor weighs in favor of fair use)(emphasis added).  Here, even if a court were to consider the Photographic Works creative, they had been published for years prior to this Complaint being filed, thereby weakening any presumption of this factor weighing in Plaintiff's favor.  Even if that were to be the case, this factor holds little importance in the ultimate ruling of whether a defendant's usage of a work is fair use, particularly when transformative use is involved, as it is in this case.  In cases which have granted Rule 12(b)(6) motions to dismiss, the court has noted the little relevance this factor has, particularly when transformative use is present: in *Yang*, the court noted that "the second fair use factor-the nature of Yang's work-'has limited weight in our analysis because [Mic] used [Yang's] work in a transformative manner."  *Yang*, 2022 WL 906513 at *2. *See also*: *Hughes*, which stated: "Here, the second fair use factor is essentially neutral and of little import".  *Hughes*, 437 F.Supp.3d at 393.  This line of ruling is followed in other cases that merited dismissal of a plaintiff's claims: *Walsh*, 464 F.Supp. at 585 & *Authors Guild, Inc. v. HathiTrust*,

755 F.3d 87, 98 (2d Cir. June 10, 2014)(there "… is no dispute that the works at issue are of the type that the copyright laws value and seek to protect. However, this factor may be of limited usefulness where, as here, the creative work is being used for a transformative purpose."). Moreover, this circuit has ruled fair use was present even in cases in which the works in question were creative, deciding in favor of defendants' usages of fashion/high-fashion images taken by professional photographers, provided transformative use was evident. *Blanch v. Koons*, 467 F.3d 244, 257 (2d Cir. Oct. 26, 2006)("… the second fair-use factor has limited weight in our analysis because Koons used Blanch's work in a transformative manner to comment on her image's social and aesthetic meaning rather than to exploit its creative virtues.").

Similarly in this instance, this factor should weigh in favor of Defendant, as i) the Photographed Works have been *published* for seven to eight years and ii) even if the Photographic Works are deemed creative, this court has ruled fair use in favor of a defendant's utilization of high fashion images, provided such use is transformative, as was the case here. While Plaintiff may attempt to argue that the Photographic Works are the type that the copyright laws seek to protect, Defendant's transformative use of the Photographic Works effectively outweighs the second factor, *i.e.,* the nature of the copyrighted work.

### ***Amount Being Used***

The third factor should also weigh in favor of Defendant, as Defendant utilized the amount of each Photographic Work at an amount that was no more than necessary in order to tell and report on the full story. When making a fair use determination and examining the third factor particularly, if a defendant can support the contention that he or she used an amount "no more than necessary" to achieve its main purpose (whether it be news reporting, commentary, parody or more), then the third factor also weighs in favor of fair use. In *Yang*, the court ruled the third factor

must be examined in context, and have a focus "whether the extent of copyright is consistent with or more than necessary to further the purpose on and character of the use", ruling that the District court properly concluded "that Mic's use was 'reasonable'" to provide a satire. *Yang*, 2022 WL 906513 at *2. It is well-established in the Southern District of New York that "a commentator may fairly reproduce as much of the original, copyrighted work as is necessary to his proper purpose." *See*: *Mathieson*, 1992 WL 164447 at *8 & *Bill Graham Archives,* 448 F.3d 605 at 613 (ruling fair use was present, even though the original images in question were "reproduced in their entirety"). This line of ruling regarding utilizing no more than what is necessary and the way that standard varies from case to case continues to apply to photos taken by fashion photographers, as is the case here: *Leibovitz v. Paramount Pictures Corp*., 137 F.3d 109, 114 (2d Cir. Feb 19, 1998)(ruling a film company's usage of a professional fashion photographer's image constituted fair use due to utilization of the work for parody and that the company used no more than what was required to achieve that goal).

In this instance, Defendant's usage of the Photographic Works was necessary for purposes of providing news reporting, commentary, and criticism regarding news-worthy events in the fashion industry, including ailments such as addiction and eating disorders, body positivity and diversity in the world of sports, and online bullying/body shaming. It would be impossible to provide this commentary without i) utilizing a photo of Demi Lovato from a 2016 cover of *Allure Magazine* (as one of the points of that Runway Riot article was to highlight how Demi Lovato tackled the wider issues of addiction and battling an eating disorder, which she discussed in *Allure Magazine*), ii) utilizing a photo of Serena Williams from an August 2016 *SELF Magazine* photoshoot, a publication which she spoke to about body confidence and beauty diversity; and iii) utilizing a photo of Lola Kirke with visible underarm hair from a December 2015 *Vanity Fair*

photoshoot, with the article in Runway Riot specifically reporting on the trend/symbolism of women prominently showing underarm hair.  None of these articles in Runway Riot and others would have been possible without the fair usage of these particular Photographed Works.  The Photographic Works were necessary to capture the full story of each published article in order for Defendant to provide its audience with full and accurate commentary and news reporting. Moreover, Defendant's use of the Photographic Works in their entirety is justifiable and proper here, because Defendant's use served a different purpose from the originals—i.e., to comment on the latest news in fashion, trends, beauty, body positivity, etc.  *See*: *Sarl Louis Feraud Int'l v. Viewfinder, Inc.*, 627 F. Supp. 123, 133 (S.D.N.Y. Dec. 19, 2008)(denying plaintiff's summary judgment, stating: "[T]he Second Circuit has found that entire reproductions can be justifiable where the purpose of the secondary work differs from the original.").  The third factor, therefore, does not weigh against a finding that Defendant's use of the Photographic Works was fair.

### ***Effect on the Marketplace***

The fourth and final factor in the fair use analysis (one of the most important factors) strongly weighs in favor of the Defendant, thereby warranting dismissal of Plaintiff's Complaint. In the second circuit, the final factor requires courts to consider "whether the copy brings to the marketplace a competing substitute for the original, or its derivative, so as to deprive the rights holder of significant revenues because of the likelihood that potential purchasers may opt to acquire the copy in preference to the original." *See: Fiornelli v. CBS Broad. Inc.*, 551 F. Supp. 3d. 199, 247 (S.D.N.Y. July 28, 2021)(granting defendants' motion for summary judgment dismissing plaintiff's copyright inducement claims)*; Marano v. Metropolitan Museum of Art,* 472 F.Supp.76, 87 (S.D.N.Y. July 13, 2020)(ruling fair use was present and stating that courts have routinely found that "the more transformative the secondary use, the less likelihood that the

secondary use substitutes for the original."); & *TCA Television Corp. v. McCollum*, 151 F.Supp.3d 419, 434 (S.D.N.Y. Dec. 17, 2015)(dismissing plaintiff's claims in their entirety, as fair use was present and stating in regard to the fourth factor, it was unlikely that "a reasonable observer of the new work would find that… reenactment… could usurp the market for the original… performance of the Routine."). This ruling was later upheld by the Second Circuit, who stated the "district court's determination that plaintiffs could not succeed on their copyright infringement claim because the Rule 12(b)(6) record established defendants' fair use defense as a matter of law" and ruling "dismissal is warranted by plaintiffs' failure plausibly to plead ownership of a valid copyright". *TCA Television Corp. v. McCollum*, 839 F.3d 186, 177 & 192 (2d Cir. Oct. 11, 2016).

First, Plaintiff's Complaint offers nothing more than conclusory allegations that Plaintiff's business has been harmed by Defendant's use of the Photographic Works. Plaintiff's Complaint is utterly devoid of any claim that Defendant's use had a significant effect upon the potential market for the copyrighted Photographic Works, and impacted any other potential licenses, deals, or even inquiries from other interested parties regarding the Photographic Works. Plaintiff failed to allege in its Complaint the specific monetary harm being caused by Defendant's use of the Photographic Works, such as a decrease of specific licenses, absence of revenue, or any other losses that would have not occurred but for Defendant's use. Second, Defendant's use of the Photographic Works falls within a transformative market—*i.e.*, a market that is different from the traditional market of the copyrighted works—which, therefore, would not cause Plaintiff to suffer any market harm. As stated above, Defendant's audience is much different than the audience of the Photographic Works, which are professional photographs taken by well-known photographers typically for notorious fashion and entertainment magazines. On the other hand, Defendant's website appealed to a different audience with its goal being to comment on news-worthy fashion

trends, and specifically body positivity.  Finally, Defendant's use of the Photographic Works has not caused any significant harm to Plaintiff's potential market because Defendant's website historically caused very limited traffic and ultimately ceased its operations in late 2017, with little to no revenue being generated for over six years.  Accordingly, any effect on Plaintiff's potential market would be de minimis, if at all, considering the fact that Defendant's use fell within a transformative market and there was little traffic on the website.  The fourth fair use factor, therefore, weighs in favor of a finding that Defendant's use of the Photographic Works constitutes fair use.

III.   **PLAINTIFF'S CLAIMS ARE FURTHER WEAKENED AS DEFENDANT'S USE OF THE PHOTOGRAPHIC WORKS WAS INNOCENT AND PLAINTIFF IS PRECLUDED FROM STATUTORY DAMAGES AND ATTORNEYS' FEES DUE TO FAILURE TO TIMELY REGISTER THE COPYRIGHT OF THE PHOTOGRAPHIC WORKS**

While the majority of the reasoning warranting dismissal of Plaintiff's claims lies with Plaintiff's failure to bring these claims in accordance with the statute of limitations and the fact that a fair use analysis weighs in favor of Defendant, Plaintiff's claims are further weakened by two other points.  The first of those is that Defendant's use of the Photographic Works was non-willful, and the second being that Plaintiff failed to register the copyright of all but one of the Photographic Works within the three (3) month period from their publication, as required by 17 U.S.C. § 412, thereby precluding significant sums in this case, including statutory damages and attorneys' fees.

In regard to the first point, courts consider a defendant's lack of ill intention when utilizing materials, particularly when examining the first factor and overall throughout its analysis – courts within this Circuit have instructed for years that analysis "pertaining to defendants' good or bad faith must be weighed".  *NXIVM Corp.*, 364 F.3d 471 at 479 (affirming lower court's analysis that

defendants' usage of the material in question was likely fair use); *N.A.S. Imp., Corp. v. Chenson Enters.*, 968 F.2d 250, 252 (2d Cir. June 29, 1992)(reversing the lower court's willful infringement claim against defendant and stating that "infringement may not be willful when a party, despite warnings to the contrary, reasonably and in good faith believes that its conduct is innocent…") & *GMA Accessories, Inc. v. Olivia Miller, Inc.*, 139 Fed. Appx. 301, 303-04 (2d Cir. July 5, 2005)(affirming lower court's finding that defendant's use was non-willful even where defendant was made aware of plaintiff's allegations in a preliminary injunction).

Defendant did not engage in intentional copyright infringement of the Photographic Works, and Plaintiff's baseless allegation to that effect in the Complaint is insufficient to establish that Defendant's use of the Photographic Works constitutes willful copyright infringement. Defendant's use of the Photographic Works was in good faith, innocent, and without any warnings of infringement, as evidenced by the fact that Defendant removed the Photographic Works from its defunct website immediately when it was made aware of Plaintiff's claims.

Secondly, due to the fact that all but one of the Photographic Works at issue here was filed *more than three months* after the first publication of the Photographic Works, Plaintiff is, therefore, barred from awards of significant sums in this matter, including ones for statutory damages and attorneys' fees, pursuant to 17 U.S.C. § 412(2), for eleven out of the twelve Photographic Works.

Pursuant to 17 U.S.C. Section 412(2), "Statutory damages are not available, however, for any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  This has been closely followed by courts in this circuit: In *Design v. Carizia Intern, Ltd*., 1988 WL 120412, *2 (S.D.N.Y. Nov. 3, 1988)("Because plaintiffs failed to register  their copyright in the Rococco design within three months of publication, and defendant's

infringement occurred before registration, plaintiffs are not entitled to recover statutory damages or attorney's fees."); *Tracy v. Skate Key, Inc*., 697 F. Supp. 748, 750 (S.D.N.Y. Oct. 17, 1988)("... statutory damages were foreclosed by plaintiff's failure to register a copyright for his design within three months of first publication."); *Sunset Lamp Corp. v. Alsy Corp.*, 749 F. Supp. 520, 523 (S.D.N.Y. Oct. 22, 1990)("Plaintiff's proof at trial of actual damages was unconvincing and that statutory damages were unavailable because of [the] failure to register the copyright within three months of publication, as required under 17 U.S.C. § 504(c).") & *Cordon Holding C.B. v. Northwest Publ'g Corp.*, 2005 WL 589405, *8, (S.D.N.Y. March 11, 2005) (awarding plaintiffs only nominal amounts, because: "By its express terms, 17 U.S.C. § 412 allows no room for discretion.  It bars an award to the plaintiffs in this action because the copyright registrations pertinent here were not effected within the three-month grace period provided by 17 U.S.C. § 412(2).").

More specifically, this court has granted Rule 12(b)(6) motions to dismiss when it is clear a plaintiff has failed to timely register the copyright of his or her claimed works: *Ipreo Holding LLC v. Thomson Reuters Corp.*, 2011 WL 855872, *5 (S.D.N.Y. March 8, 2011)(dismissing plaintiff's claim of copyright infringement pursuant to Rule 12(b)(6), as the court noted the plaintiff "has no valid copyright registration" in accordance with the three-month requirement) & *Institute for Development of Earth Awareness v. People for Ethical Treatment of Animals*, 2009 WL 2850230, *4 (S.D.N.Y. Aug. 28, 2009)(granting defendant's Rule 12(b)(6) motion after the court noted details of timely copyright registration were missing from plaintiff's pleading, stating: "This Court is unable to say that there is 'more than a sheer possibility' that PETA infringed the alleged copyright after the effective date of registration…'".

As the Photographic Works were first published in 2015-2016, with one even being first published as far back as 2009, and Plaintiff failed to register copyright for all but one of the Photographic Works within three (3) months of its publication, Plaintiff is thereby precluded from significant monetary sums in this matter. Barring only one of the Photographic Works, which was registered within three months of its publication, the remainder of the Photographic Works were registered over a period beginning in April of 2017 and ending in March of 2022—which far exceeds the three-month period to recovery statutory damages. *See **Exhibit C***. As a result, Plaintiff is precluded from an award of statutory damages/attorneys' fees for eleven out of the twelve Photographic Works.

## CONCLUSION

In sum, Plaintiff's Complaint must be dismissed in its entirety for numerous reasons. Firstly, Plaintiff failed to bring these claims within the statute of limitations pursuant to 17 U.S.C. § 507 and sat idly for over six years before filing its complaint against Defendant, despite being a sophisticated entity with various systems in place to search the Internet for—and enforce its rights against—infringing uses of its copyrighted works. Plaintiff is no stranger to litigating claims of copyright infringement, and its delay in commencing the instant matter is therefore inexcusable. Thus, Plaintiff's claims are deficient as they are time-barred by the applicable statute of limitations for claims of copyright infringement. Furthermore, after conducting an analysis of the fair use factors, Defendant's use is sufficiently transformative, used for a different purpose appealing to a different audience, and does not significantly harm any potential market Plaintiff may be engaged in. Thus, Defendant's use of the Photographic Works constitutes as fair use, and further warrants dismissal of Plaintiff's claims.

Plaintiff's claims are further weakened due to i) the fact that Defendant's usage of the Photographic Works did not amount to willful copyright infringement and ii) the fact that Plaintiff is precluded from seeking statutory damages or attorneys' fees in this case, owing to its failure to timely file its copyright registrations for eleven out of the twelve Photographic Works, as required per 17 U.S.C. § 412.

For all the foregoing reasons, Defendant respectfully avers that the Court should dismiss Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 12 on its claims against Defendant.

*Respectfully submitted,*

*/s/ Elizabeth Vulaj*
Elizabeth Vulaj, Esq.
*Business & Legal Affairs & Counsel for Defendant*
RunwayRiot, LLC
1261 Broadway, Sixth Floor
New York, NY 10001
Tel.: 646-370-1258
E-Mail: elizabeth@abrams-media.com

*/s/ Delia Thornton*
Delia Thornton, Esq.
*Business & Legal Affairs & Counsel for Defendant*
RunwayRiot, LLC
1261 Broadway, Sixth Floor
New York, NY 10001
Tel.: 646-370-1258
E-Mail: delia@abrams-media.com

DATED: July 19, 2023